IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN MORTON, JR., | ) | CASE NO. 1:03CV355 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OF OPINION |

On February 25, 2003, Franklin Morton, Jr., Petitioner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 2, 2005, a United States Magistrate Judge recommended that the petition be denied.  On February 10, 2005, Petitioner filed objections to the Magistrate Judge's report and recommendation.

The Court finds that an evidentiary hearing is not necessary.  See 28 U.S.C. § 2254(e); Rule 8(a) of Rules Governing 2254 Proceedings.  For the following reasons, the Court adopts the recommendation of the Magistrate Judge, and the petition is DENIED.

I. FACTS

On October 6, 2000, Petitioner was arrested after an altercation with the victim in the victim's apartment.  (Return of Writ Ex. 1).  There is no dispute that he entered the victim's apartment with permission.  However, there is disagreement about who invited him.  State v. Morton, 768 N.E.2d

730, 733 (Ohio Ct. App. 2002). According to the victim, two women who were staying with him invited Petitioner. Id. According to Petitioner, the victim invited him to share crack cocaine with the two women. Id. Once he was in the apartment, the victim asked him to leave. Id. When they were at the kitchen door, Petitioner refused to leave and a physical altercation started. Id. According to the victim, Petitioner attacked him when he tried to remove him from the apartment. Thereafter, he grabbed a shotgun from the bedroom to protect himself. Id. According to Petitioner, the victim approached him with a shotgun in the living room in an attempt to rob him. Id.

The fight ensued. When the police arrived, Petitioner was standing over the semi-conscious victim and was holding the shotgun. Id. During the altercation, he gouged out the victim's eyes, leaving him completely blind. Id. The victim also lost part of one ear, which the doctors were unable to reattach. Id. Petitioner suffered from a broken nose, bites, and scratches. Id.

Petitioner admits that he fought with the victim, but he claims that the fight was in self-defense. Id. He claims that he does not remember gouging out the victim's eyes or biting off his ear. Id. However, while in police custody, he spat out a portion of the victim's ear. Id.

On November 28, 2000, a Cuyahoga County, Ohio grand jury indicted Petitioner on one (1) count of felonious assault in violation of Ohio Revised Code § 2903.11; and one (1) count of aggravated burglary in violation of Ohio Revised Code § 2911.11. (Return of Writ Ex. 2). Both counts contained a one-year and three-year firearm specification. Id.

On December 1, 2000, Petitioner was arraigned. (Return of Writ Ex. 1). On December 20, 2000, the trial was continued to January 2, 2001 because the prosecutor was engaged in another trial. Id.

On January 2, 2001, Petitioner's counsel requested that the trial be continued to January 25, 2001 so that Petitioner could receive a psychiatric evaluation. Id. On January 19, 2001, the psychiatric evaluation order was vacated because Petitioner refused to submit. Id. On the same day, new counsel appeared for him because his previous counsel had died. Morton, 768 N.E.2d at 734. Upon new counsel's request, the trial was continued to February 21, 2001. Id.

On January 5, 2001, prior to trial, Petitioner filed a *pro se* motion to dismiss his indictment because of a speedy trial violation. (Return of Writ Ex. 5). On February 5, 2001, he filed a petition for a writ of mandamus in the Eighth District Court of Appeals to compel the trial court to rule on the motion to dismiss. (Return of Writ Ex. 4). On the same day, the trial court denied the motion to dismiss. (Return of Writ Ex. 6). On March 1, 2001, the Eighth District dismissed the petition as moot. (Return of Writ Ex. 7).

On February 21, 2001, trial began. On February 26, 2001, a jury found Petitioner guilty on both counts, including the firearm specifications. (Return of Writ Ex. 1). On February 27, 2001, the trial court sentenced him to 3 years on the felonious assault count, and 10 years on the aggravated burglary count to be served consecutively. He received 144 days credit for time served. Id.

On April 3, 2001, Petitioner filed a timely direct appeal from his conviction and sentence to the Eighth District Court of Appeals. (Return of Writ Ex. 8). Among the eight assignments of error, he claimed that:

> 1. The trial court erred when it denied [Petitioner's] motion to dismiss for want of speedy trial.
> . . .
> 3. The trial court denied [Petitioner] due process of law by failing to dismiss the charge of aggravated burglary because of the insufficiency of the state's evidence, or, alternatively, by failing to remove the "deadly weapon" allegation from the jury's consideration.

-3-

> . . .
> 6. [Petitioner] was denied his rights to effective assistance of counsel guaranteed by Article 1, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
> . . .
> 8. The trial court erred [in] ordering consecutive sentences when it failed to make all of the necessary findings required by R.C. 2929.14(e)(4), and failed to give adequate reasons for the findings it did make.

(Return of Writ Ex. 9).

On February 28, 2002, the Eighth District affirmed the Petitioner's conviction, but remanded the matter for resentencing on the 8th assignment of error because the trial court did not give adequate reasons to justify the consecutive sentences. (Return of Writ Ex. 12).

On May 13, 2002, Petitioner appealed to the Supreme Court of Ohio. (Return of Writ Ex. 16). Among the ten propositions of law in support of jurisdiction, he claimed that:

> First . . . [a] trial court's journal entry providing for the tolling of the statutory speedy trial time for reasons attendant to a defense motion for a psychiatric evaluation must be filed prior to the expiration of the speedy trial time limits.
>
> Second . . . [a] trial court's journal entry providing for the tolling of the statutory speedy trial time for reasons attendant to a defense motion for a continuance must be filed prior to the expiration of the statutory speedy trial time limits.
> . . .
> Sixth . . . [w]here evidence is sufficient to sustain a finding of guilt for aggravated burglary under the theory that the defendant inflicted physical harm, but where the evidence is insufficient to sustain a finding of guilty for aggravated burglary under the theory that the defendant used a deadly weapon, and where it is uncertain upon which theory the jury reached its guilty verdict, a conviction must be reversed.
> . . .
> Tenth . . . [a] defendant is denied his rights to effective assistance of counsel when his attorney fails to raise colorable motions to dismiss; does not ensure that the record includes written jury instructions that potentially depart from the trial court's verbal instructions; and fails to object to improper evidence, improper jury instructions, and improper arguments of the prosecution.

(Return of Writ Ex. 17).

On August 7, 2002, the Ohio Supreme Court denied leave to appeal and dismissed Petitioner's appeal on the ground that it did not involve any substantial constitutional question. (Return of Writ Ex. 19).

On October 23, 2002, the trial court resentenced Petitioner to 3 years imprisonment on the felonious assault count and 10 years imprisonment on the aggravated burglary count to be served consecutively. (Return of Writ Ex. 20). In addition, he was given 760 days credit towards his sentence. Id.

On November 21, 2002, Petitioner appealed the resentencing order. (Return of Writ Ex. 21). On July 31, 2003, the Eighth District Court of Appeals affirmed the resentencing. State v. Morton, No. 82095, 2003 Ohio App. LEXIS 3618, at *P1 (Ohio Ct. App. July 31, 2003). He then appealed to the Ohio Supreme Court. On December 10, 2003, his appeal was denied review. State v. Morton, 800 N.E.2d 48, 48 (Ohio 2003).

On February 25, 2003, Petitioner, acting *pro se*, filed the current petition for writ of habeas corpus, raising four grounds for relief as follows:

> Ground One: Petitioner was denied his Fourteenth Amendment right to due process when he was convicted of aggravated burglary against the evidence presented at trial due to the insufficiency of the evidence.
>
> Ground Two: Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel.
>
> Ground Three: Petitioner was denied his Sixth Amendment right to a speedy trial, also 5th and 14th Amendment right to due process of law.
>
> Ground Four: Petitioner was denied his Sixth Amendment right to effective assistance of trial and appellate counsel.

-5-

(Writ of Habeas Corpus).

## II. LAW & ANALYSIS

### A. Federal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254 will be granted if a federal constitutional right guaranteed to a petitioner was violated in the state court proceedings. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). Relief will also be granted if errors in the state court proceedings precluded fundamental fairness at trial in violation of a petitioner's right to due process. See Lundy v. Campbell, 888 F.2d 467, 470 (6th Cir. 1989), cert. denied, 495 U.S. 950 (1990). The applicable standard of review is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2005).

In a habeas petition brought by a petitioner in custody under a judgment of a state court, a state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The burden is on the petitioner to rebut this presumption of correctness by "clear and convincing evidence." Id.

### B. Exhaustion

Generally, a petitioner must first exhaust state remedies before a federal court may review a

petition for habeas relief. 28 U.S.C. § 2254(b). To exhaust state remedies, the substance of a federal habeas corpus claim must first be fairly presented to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). Fair presentation requires that a petitioner apprise the state courts that a claim is a federal claim, not merely an issue under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, a petitioner must present claims to the state courts under the same theory in which they are later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). The exhaustion requirement is fulfilled once the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

A court may, however, deny a petition for writ of habeas corpus on its merits although the petitioner has not exhausted state remedies. 28 U.S.C. § 2254(b)(2). If a petitioner's claim lacks merit, and any resort to state courts would be futile, a federal court need not wait for a state court's determination. Lott v. Coyle, 261 F.3d 594, 608 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002).

The Court has before it a "mixed" petition with exhausted and unexhausted claims. Petitioner appealed his conviction and the Ohio Supreme Court declined jurisdiction. State v. Morton, 772 N.E.2d 1204 (Ohio 2002). Subsequently, he sought post-conviction relief and the Ohio Supreme Court declined jurisdiction once again. Morton, 800 N.E.2d at 48. However, he did not assert in the state courts all the grounds raised here. Specifically, the Court finds that the highest court in Ohio had a full and fair opportunity to review Ground One and part of Ground Three. However, the highest court in Ohio did not have a full and fair opportunity to review Grounds Two and Four.

The Court has discretion on whether to deny the "mixed" petition on its merits. Therefore,

despite the presence of unexhausted claims, the Court deems the petition meritless and dismisses it on its merits.

### C. Insufficiency of the Evidence

The Due Process clause of the Fourteenth Amendment is violated if a petitioner is not convicted on "sufficient proof." Jackson v. Virginia, 443 U.S. 307, 316 (1979). The substantive elements of the state criminal statute must be evaluated to determine whether there is sufficient proof. Id. at 324. Under the federal standard set out in Jackson, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

The Sixth Circuit Court of Appeals held that the Jackson standard has been modified by 28 U.S.C. § 2254(d). Starr v. Mitchell, No. 98-4541, 2000 U.S. App. LEXIS 25646, at *9-10 (6th Cir. 2000). The Sixth Circuit held that because Jackson claims are mixed questions of law and fact, a habeas petition may be issued for insufficiency of the evidence only if the state court adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . or was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." Id. at *10, citing 28 U.S.C. § 2254(d).

Petitioner's first claim is that his conviction was based on insufficient evidence. He makes two arguments. First, he argues that he "was invited into the [victim's] apartment" and that he "did not go [to the victim's apartment] to commit any crime." (Writ of Habeas Corpus at 5). Second, he argues

-8-

that he acted in self-defense when the victim pointed a shotgun at his chest. Id.

Petitioner does not meet the standard set forth by the Sixth Circuit for the issuance of a habeas petition for insufficiency of the evidence because the state court adjudication (1) did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and (2) was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Applying Jackson to Petitioner's claim, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Ohio Revised Code defines aggravated burglary as follows:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with the purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any, of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another; (2) the offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

Ohio Rev. Code Ann. § 2911.11 (Anderson 2005). ("Revised Code § 2911.11") (Emphasis added).

The Petitioner's first argument is without merit. He argues that he was invited into the victim's apartment and that he did not go there to commit a crime, and he thus lacked the purpose element under Revised Code § 2911.11. Although he was initially at the victim's apartment by invitation, his subsequent actions at the victim's apartment made his initial lawful entry a trespass. The Ohio Supreme Court has held that "even if entry was lawful, it be[comes] a trespass when a defendant commences an assault on the resident." State v. Steffen, 509 N.E.2d 383 (Ohio 1987). Petitioner admits to fighting with the victim. Therefore, Petitioner's assault on the victim was sufficient evidence of the "force"

necessary for trespass under Revised Code § 2911.11.

Sufficient evidence exists to find that Petitioner satisfied the purpose element of Revised Code § 2911.11. The Ohio Supreme Court has held that "a defendant may form the purpose to commit a criminal offense at any time during a trespass." State v. Fontes, 721 N.E.2d 1037 (Ohio 2000). Assuming that Petitioner did not enter the victim's apartment with the purpose of committing a crime, the assault once inside the apartment constituted a trespass, during which the element of purpose in Revised Code § 2911.11 was satisfied.

Petitioner's second argument, that he acted in self-defense, is also without merit. Self-defense does not mitigate the elements of the crime, it mitigates the result. State v. Martin, 488 N.E.2d 166 (Ohio 1986). Moreover, self-defense is contrary to the element of "trespass" and, thus, it cannot mitigate the crime of aggravated burglary. See State v. Higgins, No. 18974, 2002 WL 31002832, at *4 (Ohio 2 Dist. Ct. App. Sept. 6, 2000).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of aggravated burglary beyond a reasonable doubt. Petitioner met the element of "force" required for trespass and the element of "purpose" when he refused to leave the victim's apartment and subsequently assaulted the victim. Therefore, Petitioner's claim for insufficiency of the evidence lacks merit.

### D. Ineffective Assistance of Counsel

The Sixth Amendment provides the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In Strickland, the Supreme Court set forth a high standard that a federal habeas petitioner must meet to prevail on a claim of ineffective assistance of counsel. The

Strickland standard applies to both trial and appellate counsel. Smith v. Murray, 477 U.S. 527, 535-36 (1986). First, a petitioner claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, "any deficiencies in counsel's performance must be prejudicial to the defense." Id. at 692.

The first part of the Strickland standard requires that the court give deference to counsel in its evaluation of his performance. Id. at 689. The court must avoid the "distorting effects of hindsight . . . [and] must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. The court must evaluate counsel's conduct "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. However, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id.

To satisfy the second part of the Strickland standard, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

Petitioner's second claim is for ineffective assistance of trial counsel. Petitioner argues that his trial counsel violated the Code of Professional Responsibility when he delayed the running of speedy trial time on his own accord. (Writ of Habeas Corpus at 5). He argues that counsel was ineffective for filing a request for a psychiatric evaluation because he "never had any psychological problems in [his] life." Id.

Petitioner does not satisfy his burden under the Strickland standard. First, Petitioner has not met his burden of showing that his trial counsel's representation fell below an objective standard of

-11-

reasonableness. Petitioner had inflicted severe injuries on the victim, had bitten off the victim's ear and gouged out his eyes. The Court must give deference to counsel's performance; therefore, given the extreme nature of Petitioner's crimes, it was objectively reasonable for counsel to request a psychiatric evaluation.

Second, even assuming that counsel's actions were not objectively reasonable, the Petitioner has not shown that any deficient performance by counsel prejudiced him. He has not demonstrated that there is a reasonable probability that but for counsel's request for a psychiatric evaluation, the result of the trial would have been different. On October 6, 2000, Petitioner was arrested. Trial was eventually set for January 2, 2001. On January 2, 2001, however, counsel requested that Petitioner undergo a psychiatric evaluation. The trial date was then rescheduled to January 25, 2001. On January 19, 2001, his counsel passed away and Petitioner went to trial on February 21, 2001.

The speedy trial time would have run out on January 4, 2001, 90 days[1] after October 6, 2000 – the day Petitioner was arrested. If counsel had not requested Petitioner's psychiatric evaluation, Petitioner would have gone to trial as scheduled on January 2, 2001, within the speedy trial time period. Thus, Petitioner has not shown that but for counsel's actions, the result of the trial would have been any different.

Petitioner's fourth claim is for ineffective assistance of trial and appellate counsel. Petitioner

---

[1] Under Ohio law, the speedy trial period for felonies is 270 days. Ohio Rev. Code Ann. § 2945.71 (Anderson 2005) ("Revised Code § 2945.71"). However, since Petitioner was incarcerated, the statute requires 1 day in incarceration to be counted as 3 days for the purposes of speedy trial time. Revised Code § 2945.71(E). Thus, the speedy trial time period for an incarcerated individual charged with felonies is 90 days from the date of arrest.

argues that trial and appellate counsel did not "bring to light the facts on false indictment obtained by false firearm specification." (Writ of Habeas Corpus at 6). He also argues that trial and appellate counsel did not "bring up witnesses subpoenaed on [the] day of trial." Id.

There is no basis for a constitutional challenge to the indictment. The Petitioner needs only to have fair notice of the charges against him regardless of the charging method used by the state. Cole v. Arkansas, 333 U.S. 196, 201 (1948). He does not offer any valid basis to dispute the indictment. He argues that the victim pulled a gun on him and not the other way around. This, however, provides no basis for a challenge to his indictment.

There is also no basis behind Petitioner's argument that trial and appellate counsel erred in not calling additional witnesses. No basis exists to suggest that counsel was or was not aware of these witnesses, and nothing in the record indicates that the additional witnesses would have provided any relevant testimony.

**E. Speedy Trial and Due Process**

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court has articulated four factors that must be balanced in a speedy trial analysis. Doggett v. United States, 505 U.S. 647, 651 (1992). The factors are: "(1) the [l]ength of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972).

No one factor constitutes a "necessary and sufficient condition" for a violation of the speedy trial right. United States v. Schreane, 331 F.3d 548, 554 (6th Cir. 2003). The four factors are related

and must be considered together.  Id.

The first Barker factor "is a threshold requirement; if the delay is not uncommonly long, judicial examination ceases."  Id.  The delay must be presumptively prejudicial before it is necessary to inquire into other factors.  Barker, 407 U.S. at 530.  A delay approaching one year is presumptively prejudicial.  Schreane, 331 F.3d at 553.

The second Barker factor requires an inquiry into the reason behind the delay.   Different reasons are assigned different weights.  Barker, 407 U.S. at 531.  Therefore, a deliberate delay to hamper the defense is weighed more heavily against the government while a "more neutral reason", such as overcrowded courts, is weighed less heavily against the government.  Id.  A "valid reason" for a delay is weighed in favor of the government.  Schreane, 331 F.3d at 554.

The third Barker factor carries strong evidentiary weight in determining whether a petitioner was deprived of his speedy trial right.  Barker, 407 U.S. at 531-532.  A petitioner's failure to assert his speedy trial right makes it difficult to prove that he was denied a speedy trial.  Id. at 532.

The fourth Barker factor requires the petitioner to show that "substantial prejudice" resulted from the delay.  Id.  The Supreme Court has identified three forms of prejudice: (1) "oppressive pretrial incarceration;" (2) "anxiety and concern of the [petitioner];" and (3) the possibility that [the petitioner's] defense will be impaired."  Schreane, 331 F.3d at 557.

Petitioner's third claim is that he was denied his right to a speedy trial.  There was no violation of Petitioner's speedy trial right because the speedy trial time was tolled.  Both the delay resulting from counsel's request for Petitioner's psychiatric evaluation, and the request for continuance necessitated by trial counsel's death, tolled the speedy trial time under Ohio Revised Code § 2945.72.  The Ohio

-14-

Revised Code provides that the time within which an accused must be brought to trial may be extended by the following:

> (B) Any period during which the accused is mentally incompetent to stand trial or <u>during which his mental incompetence to stand trial is being determined</u>, or any period during which the accused is physically incapable of standing trial;
>
> (C) Any period of <u>delay necessitated by the accused's lack of counsel</u>, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request by law

Ohio Rev. Code Ann. § 2945.72 (Anderson 2005). ("Revised Code § 2945.72") (Emphasis added).

The first delay resulting from counsel's request for psychiatric evaluation tolls the speedy trial time because it was a period during which Petitioner's mental incompetence to stand trial was being determined. The second delay resulting from his counsel's death also tolls the speedy trial time because it was a delay necessitated by Petitioner's lack of counsel. Accordingly, there was no violation of speedy trial time because any delay was tolled under Revised Code § 2945.72.

Given the lack of a nefarious basis for the alleged delay, Petitioner cannot overcome a balancing of the four <u>Barker</u> factors for a speedy trial claim. Under the first <u>Barker</u> factor, the delay was not uncommonly long. The delay faced by Petitioner was 48 days.[2] This delay is not presumptively prejudicial because it is significantly less than the one year delay that serves as a guidepost for the presumption of prejudice. In addition, the second <u>Barker</u> factor demonstrates that the reason for the delays was Petitioner's counsel's requests and actions. Counsel requested the psychiatric evaluation, and counsel subsequently died. Accordingly, the government cannot be held

---

[2] Speedy trial time would have run on January 4, 2001. The time period between January 4, 2001 and the date of the trial, February 21, 2001, is 48 days.

responsible for the delays. The third Barker factor shows that Petitioner asserted his speedy trial right. This factor favors the Petitioner. Finally, under the fourth Barker factor, Petitioner has not demonstrated any prejudice as a result of the delay. As a result, a balancing of the Barker factors indicates that three of the factors weigh heavily in the government's favor. Thus, Petitioner has not shown a violation of his speedy trial right under the Sixth Amendment.

As for Petitioner's claims of a violation of Fifth and Fourteenth Amendment due process, he does not offer any basis for these claims. The Supreme Court has held that delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment. U.S. v. MacDonald, 456 U.S. 1 (1982). However, Petitioner does not make any argument that he was held without charges or that he was prejudiced in any way. Thus, Petitioner's Fifth and Fourteenth Amendment claims are meritless.

### III. CONCLUSION

For the foregoing reasons, the Petition is DENIED.

The Court certifies that an appeal cannot be taken in good faith because Petitioner has not made a substantial showing of the denial of a constitutional right. See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


Issued: August 2, 2005           s/ John M. Manos
                                 UNITED STATES DISTRICT JUDGE